## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COREY M. LUKE** | * | CIVIL ACTION |
|     **Plaintiff** | * | |
| | * | NO.: |
| versus | * | |
| | * | SECTION: |
| **ADRIATIC MARINE, L.L.C.** | * | |
|     **Defendant** | * | MAG: |

## COMPLAINT FOR MAINTENANCE AND CURE

NOW INTO COURT, through undersigned counsel, comes Plaintiff, COREY M. LUKE, who respectfully represents:

### I. PARTIES

1. Plaintiff, COREY M. LUKE (hereinafter referred to as "Plaintiff"), is a person of the full age of majority, a citizen of the United States, and a resident of Lafourche Parish, Louisiana. At all times relevant herein, Plaintiff was an employee of Defendant, ADRIATIC MARINE, L.L.C., and was a seaman and member of the crew of the vessel M/V Whitetail.

2. Defendant, ADRIATIC MARINE, L.L.C. (hereinafter referred to as "ADRIATIC"), is a business corporation with its principal place of business in Raceland, Lafourche Parish, Louisiana, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and, further, is the owner and/or owner *pro hac vice* and/or operator of the vessel involved herein and employed Plaintiff at the time of the incident involved herein.

1

## II. JURISDICTION AND VENUE

3. Plaintiff brings this Civil Action under the General Maritime Law.

4. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1332.

5. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

6. Venue is proper because the Defendant, ADRIATIC, is domiciled within the territory of the United States District Court for the Eastern District of Louisiana.

## III. BACKGROUND

1. The Plaintiff, COREY M. LUKE, was hired by ADRIATIC as a deckhand on February 21, 2017.

2. He was assigned to the vessel M/V Whitetail on April 26, 2017.  Aboard were Captain Mitch Fontenot and Captain Matthew Talley.

3. On May 3, 2017, the Plaintiff, COREY LUKE, was painting the #1 mud pump and pipes in the engine room toward the bow of the vessel. Mr. Luke was slumped over painting the bottom and back side of the pump and then stood up. When doing so, he felt a sharp burning pain immediately shoot down his left leg. He then felt something in his back pull and tear.

4. Captain Matthew Talley required the Plaintiff to keep working, even with his injured back. He was only offered over-the-counter pain medication.

5. When the crew changed on May, 24, 2017, the Plaintiff went to doctor Dr. Michael LaSalle at Gulf Coast Orthopedics and was diagnosed with a lumbar disk displacement.  He was prescribed pain medicine, anti-inflammatory medicine, and muscle relaxers. He underwent an

MRI and it was recommended he begin physical therapy and undergo ESI injections, but Plaintiff cannot afford to pay for this treatment due to the fact that ADRIATIC has refused to pay maintenance and cure.

6. As a result of this incident, Plaintiff sustained severe injuries to his back, the extent of which are not yet fully known.

### IV. COUNT I – MAINTENANCE AND CURE UNDER GENERAL MARITIME LAW

7. Plaintiff brings this action against Defendant, ADRIATIC, under General Maritime Law requiring an employer to provide maintenance and cure for injuries and illnesses a seaman incurred while in the service of a vessel until the seaman reaches maximum medical cure.

8. Upon Plaintiff becoming injured and/or ill in the service of the vessel, M/V Whitetail, without regard to the questions of liability, fault or negligence on the part of the Defendant and Plaintiff, ADRIATIC, as the owner and/or operator of the vessel, became obligated to provide Plaintiff with proper medical treatment, his medical expenses and his maintenance payments to sustain and maintain himself while receiving medical treatment and while unable to resume his normal duties, commencing on May 3, 2017, and continuing thereafter until Plaintiff attains the point of maximum cure.

9. Defendant owes and continues to owe the Plaintiff a duty to provide him with maintenance payments and medical treatment under general maritime law.

10. ADRIATIC has refused to provide Plaintiff with the maintenance and cure benefits to which he is entitled by law. As a result, Plaintiff has been damaged in the amount of unpaid maintenance and cure, including all medical expenses incurred by him and not reimbursed by ADRIATIC.

11. ADRIATIC has refused to provide maintenance and cure without any legal, medical or reasonable justification. Although Plaintiff notified ADRIATIC of his need for maintenance and cure benefits by certified mail ADRIATIC callously refused to provide such payments.

12. ADRIATIC, through its agents, attorneys, and representatives acted willfully and oppressively by refusing to provide Plaintiff with maintenance and cure payments.

13. ADRIATIC's denial of Plaintiff's benefits is arbitrary and capricious, and ADRIATIC has, in bad faith, refused to provide maintenance and cure benefits without reasonable grounds for doing so.

## V. PRAYER FOR RELIEF

14. WHEREFORE, Plaintiff respectfully prays for judgment herein declaring that Defendant ADRIATIC has arbitrarily and capriciously refused to provide Plaintiff with maintenance and cure. Plaintiff further prays for commencement of his maintenance and cure benefits, the payment of all reasonable medical expenses, both past and future, attorney's fees, and for other such damages recognized by law, punitive or otherwise, as may be necessary and proper.

Respectfully submitted by:

/s/ Hunt B. Downer, Jr.
HUNT B. DOWNER, JR., T.A.(#5046)
DAVID C. PELLEGRIN, JR.. (#34957)
WAITZ & DOWNER
423 Goode Street,
Houma, LA  70360
(985) 876-0870
(985) 876-0213
*Attorneys for Plaintiff, Corey M. Luke*

PLEASE SERVE:

ADRIATIC MARINE, L.L.C.
through registered agent for service:
Charles Faucheux
201 Raceland Street
Raceland, LA 70394